122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George MAY, Plaintiff-Appellant,
v.
William G. BENNETT, individually and as Chairman of Circus
Circus Enterprises, Inc.; Circus Circus
Enterprises, Inc., a Nevada Corporation,
Defendants-Appellees.
 No. 96-15698.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Filed August 27, 1997.
 
 Appeal from the United States District Court for the District of Nevada, David Warner Hagen, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George May appeals pro se the district court's summary judgment in favor of Circus Circus Enterprises, Inc. ("Circus Circus"), a Nevada corporation, William G. Bennett, Chairman of Circus Circus, Clyde Turner and Mel Larson, in May's seven consolidated diversity actions alleging that Circus Circus misappropriated his idea for a pyramid-shaped hotel and casino. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 May contends that the district court abused its discretion by consolidating his seven actions because they are different actions governed by different statutes and erred by granting summary judgment for defendants because genuine issues of material fact remain as to whether May communicated his ideas to Circus Circus. These contentions lack merit.
 
 
 4
 We review a district court's consolidation order for abuse of discretion. See Investors Research Co. v. United States Dist. Court, 877 F.2d 777, 777 (9th Cir.1989). We review de novo a district court's grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See id.
 
 
 5
 First, because May's seven actions all involve his claims that Circus Circus misappropriated his idea for a pyramid-shaped hotel and casino, they involve common questions of fact. See Fed.R.App.P. 42(a). That May relied on different statutes in each complaint is not determinative because all of May's legal theories depend on the factual predicate that Circus Circus misappropriated May's idea. Accordingly, the district court did not abuse its discretion by consolidating May's actions. See Investors Research Co., 857 F.2d at 777.
 
 
 6
 Second, while May did not introduce any evidence to support his allegations, defendants submitted evidence that May never communicated his idea to defendants, May's plan was neither original nor innovative, and defendants' architectural firm independently came up with the idea for the Luxor. Accordingly, the district court did not err by granting summary judgment for defendants. See Bagdadi, 84 F.3d at 1197.[1]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, May's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief, May argues that the district court abused its discretion by denying his motion for reconsideration. Because May did not "specifically and distinctly" argue this issue in his opening brief, we do not consider it. See Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir.1986)